IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| v. | § | Cr. No. 2:15-217-7 |
| | § | (CA. No. 2:17-78) |
| RICARDO GONZALEZ, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant/Movant Ricardo Gonzalez (Gonzalez) filed a motion vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 443. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2017) ("2255 Rules").

### I. BACKGROUND

Gonzalez was one of 12 co-defendants involved in a marijuana smuggling conspiracy over a multiple year period. The Indictment included three Counts: 1) conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana, 2) money laundering, and 3) felon in possession of a firearm. Gonzalez was only charged in Count One for violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). A Superseding Indictment was returned in June 2015, but it did not change the charge against Gonzalez. Gonzalez pled guilty to Count One without a plea agreement.

The Probation Department prepared a Presentence Investigation Report (PSR). Gonzalez' offense level was calculated at 30, based upon 1000 kilograms of marijuana. After credit for acceptance of responsibility, Gonzalez' total offense level was 27. He had no prior criminal

history. His resulting guideline sentencing range is the statutory minimum sentence of 120 months' imprisonment.

At sentencing, the Court reviewed the guideline calculation with Gonzalez and noted there were no objections. The Government did not recommend a safety valve reduction. Gonzalez spoke to the Court and asked that he be sentenced for "what is mine." D.E. 354, p. 5. The Court imposed the statutory minimum sentence and the required five years' supervised release. Judgment was entered on October 21, 2015.

Gonzalez appealed, but the Fifth Circuit Court of Appeals affirmed his sentence on November 10, 2016. Gonzalez timely filed the present motion.

## II. MOVANT'S CLAIMS

Gonzalez argues that he was sentenced based upon more than 1000 kilograms of marijuana when he was only responsible for less than 100 kilograms. He argues that he had access to the PSR for only 15 days before the hearing and that counsel never explained the PSR to him. Finally, Gonzalez argues that counsel's failure to bring Gonzalez' limited participation in the conspiracy to the Court's attention constituted ineffective assistance of counsel.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of

injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## B. Issues Raised on Appeal May Not Be Relitigated

Gonzalez complained on appeal that the District Court attributed greater quantities of marijuana to him than the evidence supported. The Fifth Circuit rejected that argument. D.E. 435, pp. 3-4. Gonzalez also raised an issue that the PSR was not provided to him for the requisite amount of time, but the Circuit Court held that he waived the issue by failing to brief it. *Id*., p. 2. Those issues are foreclosed from review in this proceeding. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

## C. Ineffective Assistance of Counsel

### 1. *Standard*

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States,* 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. *Counsel's failure to argue for drug quantity below 1000 kilograms at sentencing*

Gonzalez argues that counsel should have argued for a lower drug quantity during the proceedings because Gonzalez claims he did not know of some of the shipments and was only involved in a single shipment of 43.74 kilograms. Gonzalez further argues that he was not involved in any of the seizures of marijuana and he only agreed to be involved with 100 kilograms of marijuana.

During rearraignment, Gonzalez was advised of the elements of Count One[1] and the penalty range of 10 years' minimum up to life imprisonment. The Government outlined the facts regarding Gonzalez' involvement in the marijuana smuggling conspiracy:

> 8 The evidence regarding Mr. Ricardo

---

[1] 1 The first count, the elements are as
2 follows: That two or more persons, directly or
3 indirectly, reached an agreement to knowingly and
4 intentionally possess a controlled substance with the
5 intent to deliver it. The Government must establish
6 that you knew of the unlawful purpose of the agreement
7 and that you joined in it willfully, that is, with the
8 intent to further its unlawful purpose. The Government
9 must establish what the controlled substance was that
10 was the subject of the conspiracy. In your case It's
11 marijuana, which is a Schedule I controlled substance.
12 And the Government must then established that the
13 amount of marijuana involved in this conspiracy was in
14 excess of a thousand kilograms. That's what subjects
15 you to that 10 to life range of punishment.
16 Do each of you understand the elements of
17 conspiring to possess with intent to distribute more
18 than a thousand kilos of marijuana? . . .
21 DEFENDANT GONZALEZ: Yes.

D.E. 353, p. 28.

> 9 Gonzalez, Your Honor: He was intercepted multiple
> 10 times on the target telephone number 1, which was under
> 11 the name of Roel Rodriguez. Mr. Ricardo Gonzalez was
> 12 discussing arrangements being made for the drug load on
> 13 April 28, 2014. Mr. Gonzalez mentioned Luis and "Chon"
> 14 in conversations with Elijio Perez. Mr. Gonzalez tells
> 15 Elijio Perez how the marijuana smuggling operation will
> 16 be conducted. Luis was identified as Luis De La Cruz
> 17 after he was arrested April 28, 2014 and "Chon" was
> 18 identified as Jose Encarnacion Carmona after being
> 19 stopped by DPS. Mr. Gonzalez and Elijio Perez also
> 20 discussed Roel Rodriguez and Antonio -- excuse me,
> 21 Juan Antonio Perez being with "Chon" for the
> 22 counter-surveillance operation.
> 23 On June 27, 2014, agents also applied and
> 24 received court authorization to intercept target
> 25 telephone 2, which was being utilized by Mr. Gonzalez.
> 1 During the interception of Mr. Gonzalez, he was
> 2 intercepted making multiple arrangements for other drug
> 3 shipments, as well. . . .

D.E. 353, pp. 43-43. Gonzalez agreed to the Government's factual statement, with reservations:

> 4 THE COURT: Okay, thank you.
> 5 Mr. Gonzalez, did you hear what she said
> 6 about your involvement in this alleged conspiracy?
> 7 DEFENDANT GONZALEZ: Yes.
> 8 THE COURT: Is it correct?
> 9 DEFENDANT GONZALEZ: Just on Charge No. 1, the
> 10 conspiracy, just on the call, just that.
> 11 THE COURT: I'm sorry, repeat this.
> 12 DEFENDANT GONZALEZ: Just about the telephone
> 13 calls, just that.
> 14 THE COURT: Do you agree that you were
> 15 involved in this conspiracy as she described?
> 16 DEFENDANT GONZALEZ: Not how she described it
> 17 in all ways.
> 18 THE COURT: Okay, you disagree with some of
> 19 it, but you do admit that you were involved in this
> 20 conspiracy to possess with intent to transport
> 21 marijuana; is that correct?
> 22 DEFENDANT GONZALEZ: Yes.
> 23 THE COURT: Okay. And to the charges in Count
> 24 One, which is the conspiracy count, how do you plead,
> 25 guilty or not guilty?
> 1 DEFENDANT GONZALEZ: Guilty.

*Id.*, pp. 48-49.

Gonzalez admitted at rearraignment that he conspired with others to possess with intent to distribute at least 1000 kilograms marijuana. He was also advised that he would be sentenced to a minimum term of 10 years' imprisonment. Based upon that testimony, counsel had no basis to object to drug quantity at sentencing. Gonzalez was sentenced to the minimum mandatory sentence of 10 years' imprisonment, just as he had been admonished. On this record, Gonzalez has not met his heavy burden to establish that counsel's failure to object to marijuana quantity fell below reasonable professional standards. His claim of ineffective assistance at sentencing is denied.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gonzales has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S.

at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Gonzalez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons Gonzalez' motion to vacate, set aside, or correct sentence (D.E. 443) is **DENIED** and this action is **DISMISSED** with prejudice. Additionally, he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 5th day of June, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE